■ MARY L. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33504.) RALPH C. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33505.) RALPH C. FLEURY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33506.) — Appeals by claimants from judgments, entered January 9, 1957 upon a decision of the Court of Claims, which dismissed the claims. The accident which gave rise to these claims for negligence occurred on April 3, 1955 at about 12:30 A.M. on a State highway in Franklin County, when an automobile operated by claimant Ralph C. Fleury came upon a hole or depression in the highway and, either because the car struck the hole or was swerved to avoid it (the findings in this respect being inconsistent), left the highway and overturned. The claimant operator and his wife, the claimant Mary Louise Fleury, thereby sustained injuries. There was evidence that the hole, some two and a half to three inches deep, about two feet wide and extending approximately eight feet across claimant's lane of travel, had been repaired by State employees by a patching process, two or three times within the period of 10 days to 2 weeks preceding the accident, and that in each instance the patching material failed to hold. Recognizing that the State is not liable for a defective highway condition occurring between November 15 and May 1 (Highway Law, § 58), claimants urge that these temporary repairs made or attempted prior to the accident were negligently performed and, further, that the State should have given warning of a dangerous condition. There was no proof that the manner in which the repairs were made was not proper under the circumstances. Thus, claimants failed to sustain the burden of proof of negligence in the performance of the work but that question may be further explored on the new trial which we find necessary. The trial court found, and improperly in our view, that claimant Ralph C. Fleury's negligent operation of his automobile was the sole proximate cause of the accident. Clearly, the hole was a factor, whether or not the State is chargeable with negligence on account of it. The court below also found, although unnecessarily, in view of its other findings, that repairs had been made in a proper manner, but this on evidence which seems to us insufficient. The result of these two erroneous findings seems to have been that insufficient consideration was given claimant's contention that the known failure of the attempted repairs prior to the last might reasonably have required the State to give notice of a dangerous condition, if such it was. Judgments reversed, on the law and the facts, and new trials ordered, with costs to appellants to abide the event. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.